**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RACHEL LOBATO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EVERARDO O. GOMEZ, individually and dba EL SARAPE RESTAURANT; DOLORES B. GOMEZ, individually and dba EL SARAPE RESTAURANT,<br><br>　　　　　Defendants. | **Case No. 1:15-cv-00686-EPG**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 33) |

**I.   INTRODUCTION**

This is an action under Title III of the Americans with Disabilities Act alleging that Plaintiff Rachel Lobato was denied full access and enjoyment of Defendants' restaurant—El Sarape Restaurant—because of various structural barriers in the restaurant that Defendants have failed to remedy.  Plaintiff has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on all claims as against all Defendants.  (ECF No. 33.)  Defendants filed an opposition brief (ECF No. 37) and Plaintiff filed a reply brief.  (ECF No. 40.)  The Court heard argument on September 23, 2016.  Tanya Moore appeared for Plaintiff and Kathleen Phillips-Viera appeared for

Defendants.  The parties were granted leave to file supplemental briefing on specific topics raised at the hearing by October 4, 2016.  The matter is now before the Court.[1]

## II.   BACKGROUND

Plaintiff filed the underlying Complaint in this action on May 5, 2015.  (ECF No. 1.)  The Complaint involves Defendants' alleged failure to bring their restaurant into compliance with the Americans with Disabilities Act.  Plaintiff alleges that she is disabled because she is "substantially limited in her ability to walk, and must use a walker, cane, or wheelchair for mobility."  (Complaint ¶ 8, ECF No. 1.)  In particular, she contends that she suffers from severe leg pain that prevents her from walking more than "two to three feet."  (Declaration of Rachel Lobato ("Lobato Decl.") ¶ 5, ECF No. 33-4.)  Plaintiff claims that she visited the El Sarape Restaurant in Pixley, California on January 11, 2015.[2]  (*Id.* at ¶ 14.)  While there, she encountered several barriers that impeded her ability to fully utilize the premises.  Specifically:

- The parking was not accessible because it was located on uneven ground;
- The door to the restroom was too narrow, forcing Plaintiff to maneuver awkwardly to obtain access;
- The bathroom stall lacked grab bars; and,
- There was a cabinet under the bathroom sink, forcing Plaintiff to reach over her walker to use it.

Plaintiff contends that these deficits constitute violations of the ADA, California's Unruh Act, and California Health and Safety Code §§ 19955, *et seq.* and that she is entitled to damages, injunctive relief, and attorneys' fees as a result.

## III.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" and material facts are those "that might affect the outcome of the suit

---

[1] Both parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). (ECF Nos. 7, 11.)

[2] She also asserts that she has visited the restaurant on one other unspecified occasion.

2

under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "As the party with the burden of persuasion at trial, [Plaintiffs] must establish 'beyond controversy every essential element of'" their claims. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). "Once the moving party meets its initial burden, the non-moving party must 'go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.''" *Burch v. Regents of Univ. of Cal.*, 433 F.Supp.2d 1110, 1125 (E.D. Cal. 2006), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"A party opposing summary judgment must direct our attention to specific, triable facts." *S. Cal Gas Co.*, 336 F.3d at 889. The court "is not required to comb the record to find some reason to deny a motion for summary judgment." *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988). "On a summary judgment motion, 'the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Id.*, *quoting Liberty Lobby, Inc.*, 477 U.S. at 1413.

### B. The ADA

"Title III of the ADA 'prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Kohler v. Bed Bath & Beyond of California, LLC*, 778 F.3d 827, 829 (9th Cir. 2015), *quoting Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011); 42 U.S.C. §§ 2000(a)(b), 12182(a). Discrimination can include "the failure to remove architectural barriers" in existing facilities where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d

724, 730 (9th Cir. 2007), *citing* 42 U.S.C. §§ 12182(a)-(b). Where the denial of access is premised on the existence of an architectural barrier, plaintiff bears the burden of proving the existence of the architectural barrier and suggesting a method of removing the barrier that is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). If the plaintiff satisfies this burden, the defendant then bears the ultimate burden of proving that the suggested method of removal is not readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

To impose liability, a barrier does not need to completely preclude plaintiff from entering or using the facility; it need only interfere with the plaintiff's full and equal enjoyment of the facility. *See Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 848 (N.D.Cal. 2011), *citing Doran v. 7–Eleven Inc.*, 524 F.3d 1034, 1041 n. 4 (9th Cir. 2008) (the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access."). "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating the ADAAG relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA, thereby violating the ADA."[3] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011).

### C. California Statutes

Plaintiff also alleges claims under the California Unruh Act and California Health and Safety Code §§ 19955 *et seq*. California's Unruh Act incorporates ADA standards and "operates virtually identically to the ADA." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). "Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Id.*, *citing* Cal. Civ. Code § 51(f). Unlike the ADA, however, monetary damages are available under the Unruh Act. "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Id.*, *citing Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 862 (C.D. Cal. 2004).

---

[3] The ADA Accessibility Guidelines ("ADAAG") are regulations that lay out permissible building specifications under the ADA.

4

California Health and Safety Code § 19955 similarly requires that public accommodations adhere to specific regulations to ensure that public accommodations are accessible to individuals with disabilities. "The Health and Safety Code does not require the plaintiff to establish that he or she was individually denied access to the public accommodation; rather, it allows the plaintiff to enforce compliance (i.e., injunctive relief) with the handicapped access standards provided for by the Health and Safety Code and the Government Code. It also entitled the prevailing party in the action to attorneys' fees." *Moore*, 85 F.Supp.3d at 1183, *citing Urhausen v. Longs Drug Stores California, Inc.*, 155 Cal.App.4th 254, 262 (2007); Cal. Health & Safety Code § 19953.

Although Plaintiff's Complaint alleges causes of action under the Unruh Act and California Health and Safety Code § 19955, the Motion for Summary Judgment is directed only at the ADA cause of action. The Court will thus treat the Unruh Act and statutory causes of action as coextensive with and contingent on the success of the ADA claim.

## IV.   DISCUSSION

As noted above, Plaintiff must demonstrate that: (1) she is "disabled" under the ADA; (2) Defendants operate a place of public accommodation; and (3) Plaintiff was denied the full and equal enjoyment of Defendants' facilities because of Plaintiff's disability. The third element can be demonstrated by showing that Defendants "failed to remove architectural barriers where such removal was readily achievable." *Lozano v. C.A. Martinez Family Ltd. Partnership*, 129 F.Supp.3d 967, 972 (S.D. Cal. 2015), *citing* 42 U.S.C. § 12182(b)(2)(A)(iv). Neither party disputes that Defendants operate a place of public accommodation. (Joint Statement of Undisputed Facts ¶ 1, ECF No. 33-2.) Defendants assert, however, that there are triable issues of fact with respect to the first and third elements. They also argue that Plaintiff lacks standing to pursue her claims because Plaintiff has never visited the restaurant and thus has little or no likelihood of injury.

### A.   A Triable Issue of Material Fact Exists as to Plaintiff's Standing

To demonstrate standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to

merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Because only injunctive relief is available under Title III of the ADA, an ADA plaintiff must also show "a 'real and immediate threat of repeated injury.'" *Ervine v. Desert View Regional Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014), *quoting O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). "An ADA plaintiff establishes such a real and immediate threat if 'he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Id.*, *quoting Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Alternatively, a plaintiff who 'has visited a public accommodation on a prior occasion demonstrates a real and immediate threat if he 'is currently deterred from visiting that accommodation by accessibility barriers." *Id.*, *quoting Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).

In *Ervine*, for instance, a plaintiff lacked standing because he had never been a patient at the defendant medical center and had "no imminent plans to return." *Id.* at 868. Although plaintiff contended in his briefing that he was aware of several barriers to access and was thus deterred from using the medical center, there was no support in the record for such an argument. Nor was plaintiff's geographical proximity to the medical center adequate to establish standing. Even assuming the truth of these arguments, the court found that "the prospect that Desert View 'will engage in (or resume)' conduct harmful to Mr. Ervine is simply 'too speculative to support standing.'" *Id.* (plaintiffs "cannot manufacture standing through bald assertion, contradicted by the record"). Thus, Plaintiff can demonstrate standing if she shows that: (1) she has visited the restaurant on a prior occasion and is deterred from visiting the restaurant because of its architectural barriers, or (2) she has more than merely speculative plans to return to the restaurant (and is thus likely to suffer repeated injury).

Plaintiff submits a declaration attesting under penalty of perjury to facts that she contends establish her standing. In particular, she claims that: (1) she visited El Sarape Restaurant with her husband on January 11, 2015 (and on one other unspecified occasion); (2) El Sarape Restaurant is along her route from her home in Hanford to Bakersfield and Los Angeles; (3) she eats cheesecake,

which the restaurant serves; and, (4) "[o]nce the Restaurant is accessible to me, I have absolutely no doubt whatsoever that I will return during my trips to and from Bakersfield, Los Angeles, and other destinations to the south of my home."  (Lobato Decl. ¶¶ 14-20, ECF No. 33-4.)  Plaintiff also attaches a receipt to the declaration that is dated January 11, 2015, although there is nothing on the face of the receipt that ties it to Plaintiff (or her husband).

Defendants dispute this point, arguing that nothing in the record indicates that Plaintiff ever visited the restaurant or has any plans to return to it.  In particular, they point to deposition testimony by Defendant Dolores Gomez who states that:  (1) she has seen or knows each customer who visits the restaurant, and (2) she has never seen Plaintiff at the restaurant. The deposition testimony also included an explanation why Dolores Gomez would likely have seen and remembered Plaintiff if she had visited the restaurant.[4]  The evidence thus rises above a simple rebuttal that "I did not notice Plaintiff" and sets forth a disputed question of fact regarding Plaintiff's visit to the restaurant. Plaintiff attacks Gomez's credibility on this point, saying that her testimony is unclear and only reflects her own lack of knowledge of events within her restaurant.

"[S]ummary judgment is singularly inappropriate where credibility is at issue." *SEC v. Koracorp Indus., Inc.*, 575 F.2d 692, 699 (9th Cir. 1978).  It is not the Court's role to determine on summary judgment whether Plaintiff or Defendant Dolores Gomez is more credible or believable. *Nelson v. City of Davis*, 571 F.3d 924, 928-29 (9th Cir. 2009) (reversing grant of summary judgment where court credited conflicting version of events in deposition testimony).  The Court must also

---

[4] Q. Ms. Gomez, do you have any information that Ms. Lobato has never visited her restaurant?
A. I have never seen her before.
Q. Okay. Do you claim that you have seen every single customer that came to the restaurant?
A. I make it a habit to go to the front and greet everybody that comes in and out.
Q. That wasn't my question. My question was have you seen personally every single customer that came into the restaurant in all these years?
A. Every single?
Q. That's my question.
A. I would say I probably have.
Q. Now – okay. So you are telling me here under penalty of perjury that you have seen every single customer that came into the restaurant; right?
 . . .
A. I did answer it.
Q. And your answer was?
A. I am sure I have seen just about every single customer.
(Declaration of Kathleen Phillips-Viera ("Phillips-Viera Decl.") Exh. C 98:13-99:12, ECF No. 39.)

7

draw all "justifiable inferences" in Defendants' favor and "deny summary judgment if any rational trier of fact could resolve an issue in [their] favor." *Id.* at 927.  The question, then, is not whether Plaintiff or Defendant's version of facts is to be believed—it is whether, assuming Defendant's testimony (and any inferences arising from that testimony) is correct, there is a triable issue of material fact with respect to standing. *Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

The Court finds that there is such a triable issue regarding the facts necessary to establish Plaintiff's standing. If Defendant Dolores Gomez is correct and Plaintiff has never visited El Sarape Restaurant, Plaintiff would have to show that she has a more than speculative plan to visit the restaurant.  A simple assertion that she intends to visit the restaurant is not enough.  *Ervine v. Desert View Regional Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014).  Nor is a statement, without anything more, that she travels on a highway near the restaurant adequate.  *Id.*  Such allegations fall within the category of assertions flatly rejected by *Ervine* as "too speculative to support standing." [5] *Id.*  They do not show that a visit to the restaurant is imminent (or even likely), much less that Plaintiff would be injured by such a visit.[6]

---

[5] In particular, *Ervine* rejected the contention that a plaintiff had plans to return to the defendant medical center because it was the only hospital nearby:  "Mr. Ervine also asserts that Desert View is the only regional hospital where he lives. Using Desert View's services is thus a question of 'when,' not 'if.' Once again though, there is no evidence in the record regarding the number of accessible hospitals near Mr. Ervine, nor their distance from his home. And even if his assertion is accurate, it would not show that a visit to Desert View, much less a failure to provide effective communication to him, is 'certainly impending.' On this record, the prospect that Desert View 'will engage in (or resume)' conduct harmful to Mr. Ervine is simply 'too speculative to support standing.'" *Id.*, *quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190 (2000).

[6] Defendants also assert that Plaintiff has filed a number of ADA lawsuits against other restaurants and businesses in the area without having visited those restaurants. In support of this proposition, they point to deposition testimony in which Plaintiff was presented with a list of 31 names and filing dates for cases that she has filed alleging ADA violations. Plaintiff did not recognize any of them.  (Philips-Viera Decl. Exh. A 76:4-25, ECF No. 39.) As both parties know, any complaint filed in court comes with a certification that the facts alleged within the complaint have or likely will have evidentiary support. Fed. R. Civ. P. 11(b). A pattern of peppering local businesses with complaints falsely alleging that Plaintiff has visited those businesses would clearly run afoul of this rule. The Court takes allegations that Plaintiff (or Plaintiff's counsel) has engaged in this conduct very seriously. The Court need not determine whether Defendants' contention is correct with respect to Plaintiff's 31 other cases in this instance, however (nor would it be possible to do so on the facts here presented). Instead, the Court only decides that there is a genuine issue of fact with respect to Plaintiff's standing in this case.

To be certain, the Court is not finding that Plaintiff lacks standing as a matter of law.  Rather, it finds only that there is a triable issue with respect to standing that precludes summary judgment in Plaintiff's favor at this time.

### B. A Triable Issue of Material Facts Exists as to Whether Plaintiff is "Disabled" Under the ADA

Under the ADA, "an individual is disabled if that individual (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004), *citing* 42 U.S.C. § 12102(2).  A "major life activity" is a function "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id.*, *quoting* 29 C.F.R. § 1630.2(l).  A person is "substantially limited" in one of these activities if she is "significantly restricted as to condition, manner or duration under which [she] can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." *Id.*, *quoting* 29 C.F.R. § 1630.2(j).  "Whether a person is disabled under the ADA is an individualized inquiry." *Fraser v. Goodale*, 342 F.3d 1032, 1039 (9th Cir. 2003); *Feshold v. Clark Cnty.*, Case No. 2:10-cv-00003-RLH-PAL, 2011 WL 2038732, at *3 (D. Nev. May 25, 2011) ("It is the effect of the condition on that person's life that matters and that determination must be made on a case by case basis.").

Plaintiff contends that she has established that she is disabled because she has a physical impairment that substantially limits her ability to walk.  In particular, she contends that:  (1) she suffers from leg and shoulder pain; (2) she cannot walk more than two to three feet without the use of a cane, walker, or wheelchair; (3) she requires Vicodin to manage her pain; (4) when shopping, she uses a cane to walk to the shopping carts, places her cane in the shopping cart, and uses the shopping cart for assistance in walking; and (5) she has received a "disabled" placard from the California Department of Motor Vehicles for her car.  All of these facts are laid out in Plaintiff's

declaration that Plaintiff has submitted in support of her Motion for Summary Judgment. (Lobato Decl. ¶¶ 5, 7, 9, 10, ECF No. 33-4.)

Defendants dispute Plaintiff's condition in a declaration by Allen Stacey, a private investigator. Stacey observed Plaintiff on a shopping trip to Target and noted that: (1) she did not use a walker or cane, even when walking away from her shopping cart, nor did she have a cane in her shopping cart; (2) she was able to walk "well over three to four feet" without any visible difficulties or assistance; (3) she was able to load large items into her car, a Chevy Camaro SS, without any difficulty; and (4) after pushing her shopping cart away into the parking lot, she was able to walk unassisted to her driver's seat without assistance. (Declaration of Allen Stacey ("Stacey Decl.") ¶¶ 2, 3, ECF No. 39.)

As a threshold matter, Plaintiff objects to the Stacey Declaration on two grounds. First, she argues that Stacey was never disclosed as a witness and his testimony thus qualifies as an unfair "ambush" on Plaintiff. Second, she contends that the declaration lacks foundation because he does not explain how he was able to identify Plaintiff. Neither of Plaintiff's objections precludes consideration of the Stacey Declaration. At the hearing on the Motion, the Court invited Plaintiff to delay argument on the Motion and re-open discovery to allow her to depose Stacey or otherwise produce evidence to controvert his statements. Plaintiff declined that opportunity. The Court will thus not disregard Defendants' evidence simply because it deprives Plaintiff "of the ability to depose Mr. Stacey, and to properly prepare for his testimony." *Cal. Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F.Supp.2d 930, 984 (E.D. Cal. 2003) ("DTSC had ample opportunity to prepare for Dr. Lakin's testimony, move to re-depose Dr. Lakin, or move that Dr. Lakin be forbidden from testifying . . . DTSC cannot now claim 'foul,' as a strategic move to exclude Dr. Lakin's testimony."). Moreover, Stacey's declaration adequately establishes that Plaintiff was the individual he was observing. He notes her home address and the type of car she drives, neither of which is challenged by Plaintiff. Moreover, Defendants explain that Stacey had a recent photograph of Plaintiff and was able to visually identify her before following her. Plaintiff's objections are thus overruled.

Generally, "neither a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). If a challenge to credibility rises above a mere "unspecified hope," however, and creates a genuine issue, "summary judgment is singularly inappropriate." *S.E.C. v. Koracorp., Inc.*, 575 F.2d 692, 699 (9th Cir. 1978) ("The courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue. Only after an evidentiary hearing or a full trial can these credibility issues be appropriately resolved."); *Burnett v. Ross Stores, Inc.*, 857 F. Supp. 1434, 1437 (D. Or. 1994) ("Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial.").

The only evidence Plaintiff submits to establish that she is disabled is her own declaration attesting to her specific limitations. Plaintiff does not submit any medical records or doctor's affidavits. Defendant has raised a direct challenge to this declaration and submitted evidence asserting that Plaintiff is not telling the truth with respect to her specific limitations. Because Defendants' credibility challenge to the declaration constitutes more than a vague or uncertain assertion that Plaintiff is not credible and takes the form of specific observations and facts that undermine Plaintiff's credibility, summary judgment on this issue is inappropriate. *Apulent, Ltd. v. Jewel Hosp., Inc.*, No. C14-637RSL, 2015 WL 11601706, at *3 (W.D. Wash. Apr. 8, 2015) ("Although 'unspecified hopes' of undermining witness credibility cannot avert summary judgment, defendant has produced specific evidence undercutting Roberts' credibility. The Court has not found clear Ninth Circuit precedent on when impeachment evidence can create a fact issue precluding summary judgment. However, courts in and outside of this Circuit have held that summary judgment may be denied where nonmovants provide specific bases for discrediting a movant's witness."), *citing TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1158 (Fed. Cir. 2004) ((("Summary judgment should not be denied simply because the opposing party asserts that the movants [sic] witnesses are not to be believed. However, summary judgment is not appropriate where the opposing party offers specific facts that call into question the credibility of the movants

11

[sic] witnesses."); *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1275 (N.D. Cal. 2008) ("the only substantive evidence Etilize has proffered to support these contentions is the declaration and exhibits put forth by the Liaison co-founder Dr. Miranker. Because the credibility of Dr. Miranker's testimony has been called into question, it cannot carry the day for a summary judgment motion."), *citing Sartor v. Ark. Natural Gas Corp.,* 321 U.S. 620, 628–29, 64 S.Ct. 724, 88 L.Ed. 967 (1944) (reversing summary judgment where the only evidence in support of the motion was an expert's testimony and there were specific bases for doubting the credibility of that testimony). Defendants have raised a triable issue of fact with respect to Plaintiff's disability.[7]

### C. A Triable Issue of Material Fact Exists as to Whether the Demanded Improvements are Readily Achievable

When a plaintiff's ADA denial of access claim is premised on the existence of an architectural barrier, plaintiff bears the burden of proving the existence of the architectural barrier and suggesting a method of removing the barrier that is "readily achievable" or "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); *Wilson v. Pier 1 Imports (US), Inc.*, 439 F.Supp.2d 1054, 1067 (E.D. Cal. 2006). If the plaintiff satisfies this burden, the defendant then bears the ultimate burden of proving that the suggested method of removal is not readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Whether an improvement is "readily achievable" is "not a bright line rule, but rather involves a 'fact intensive inquiry that will rarely be decided on summary judgment.'" *Wilson*, 439 F.Supp.2d at 1067, *quoting White v. Divine Investments, Inc.*, Case No. CIVS-04-0206 FCD/DA, 2005 WL 2491543, at *6 (E.D. Cal. Oct. 7, 2005). To determine if an action is "readily achievable," the Court should consider:

**(A)** the nature and cost of the action needed under this chapter;

**(B)** the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

---

[7] Plaintiff argues that Defendants' evidence did not directly dispute certain portions of Plaintiff's description of her condition, such as the statement that Plaintiff takes medication for pain. But the facts in the Stacey declaration do more than just counter Plaintiff's description of her walking limitations. The activities described by Stacey are so incompatible with Plaintiff's description of her limitations that it calls Plaintiff's credibility in question. In short, if Plaintiff lied about her condition, the declaration as a whole is cast in doubt.

**(C)** the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

**(D)** the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).  The parties disagree with respect to factors (A), (B), and (C).

Plaintiff contends that the cost of the required improvements is only $4,550, based on the proposed improvements suggested by Michael Bluhm, a CASp inspector who was retained by Plaintiff.  To establish that Defendants have the financial resources to pay for these improvements, Plaintiff submits a short portion of the transcript for the deposition of Defendant Everardo Gomez, which states:

> Q.  But say if you don't have to replace another water pump in these five months, how much could you save in five months?
>
> A.  In five months, I will say –
>
> Ms. Phllips: Same objection.
>
> A.  A couple thousand dollars.
>
> Q. (By Ms. Moore):  Okay. All right. And you could use the $5,000 – I'm sorry, you said $2,000 – for repairs?
>
> A.  Yes.

(Moore Decl. Exh. A 114:10-19, ECF No. 33-8.)  Plaintiff interprets this to mean that Defendants could raise the required amount within 12 months.  This is the only evidence Plaintiff submits to support the proposition that Defendants have the financial resources to pay for the proposed improvements.[8]

Defendants argue that Plaintiffs have already made the improvements that are readily achievable and lack the financial resources to make further improvements.  In particular, Defendants point to two other excerpts from the deposition of Everardo Gomez:

> Q.  So when in your interrogatory, which is marked as Exhibit 5, on page 10 in your response, you say you are in the process of determining whether the main entry/exit door can be revised to comply with the 2013 California Building Code. What are you doing? What is the process?

---

[8] Plaintiff also argues that, in determining whether an improvement is readily achievable, the Court should look to the amount of time that has elapsed since the passage of the ADA and amortize the expenses over that period of time. Plaintiff is unable to cite to any cases or law to support this proposition, however, and the Court has not found any support.

> A. We just waiting for get busier and save some money. I try for get a loan. We don't get nothing in business.
>
> Q. But you don't even know how much it would cost?
>
> A. No. But I know it will cost a few thousand dollars.
>
> . . .
>
> Q. Have you talked to anyone about replacing the opening in the women's restroom to make it wider?
>
> A. The opening?
>
> Q. The door. The door opening.
>
> A. No, I haven't.
>
> Q. No?
>
> A. No.
>
> Q. If I told you that that kind of job would cost about $300 in materials and with labor probably $600, would you be able to get that replaced?
>
> A. Not right now.

(Phillips-Viera Decl. Exh. E 96:10-22, 99:9-24, ECF No. 39.)  Defendants also challenge Plaintiff's assertion that the repairs will cost only $4,550, saying that some of the requested changes will require significant structural modifications to the building.  Defendants submit an expert report from Kelly Bray, a CASp inspector, who conducted an inspection of the restaurant.  The parties dispute whose CASp inspector should be believed.

The Court need not decide which expert is more credible, however, because it finds that Plaintiff has not carried her burden in showing that the actions requested are readily achievable.  At least two of the four statutory factors that the Court is required to consider in deciding whether something is readily achievable focus on Defendants' financial resources and the effects that additional expenses will have on the operation of the business.  42 U.S.C. §§ 12181(9)(B), (C). But the only evidence that Plaintiff submits in support of her Motion is a short excerpt from a deposition with speculative testimony stating that Defendants may be able to save less than one half of the required money in five months.  Plaintiff then takes this testimony and stretches it, without any evidentiary support, to mean that Defendants have a reliable net profit margin adequate to pay for the improvements within 12 months.  Such an inference is unwarranted here, particularly given Defendant's other statements elsewhere in the deposition that he would need to get a loan because he

would have difficulty paying for repairs costing thousands of dollars and is currently unable to pay for even $600 in repairs.

A triable issue of material fact exists as to whether the suggested improvements are readily achievable. Summary judgment is not appropriate here.

### V.   ORDER

Plaintiff's Motion for Summary Judgment (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated:   **October 31, 2016**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE