1  Tanya E. Moore, SBN 206683
   Zachary M. Best, SBN 166035
2  MISSION LAW FIRM, A.P.C.
   332 North Second Street
3  San Jose, California  95112
   Telephone: (408) 298-2000
4  Facsimile: (408) 298-6046
   Email: service@mission.legal
5
   Attorneys for Plaintiff,
6  Rachel Lobato

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **EASTERN DISTRICT OF CALIFORNIA**
10

11

12 RACHEL LOBATO,                      ) No.   1:15-cv-00686-EPG
                                       )
13           Plaintiff,                ) **PLAINTIFF RACHEL LOBATO'S**
                                       ) **MOTION IN LIMINE NO. 2 TO**
14       vs.                           ) **EXCLUDE PRIOR LITIGATION**
                                       ) **HISTORY**
15 EVERARDO O. GOMEZ, individually and )
   dba EL SARAPE RESTAURANT, et al.,   )
16                                     ) Trial Date:    March 7, 2017
             Defendants.               ) Hearing Date: February 22, 2017
17                                     ) Time:          10:00 a.m.
                                       ) Courtroom:     10
18                                     ) Honorable Erica P. Gosjean
                                       )
19                                     )
                                       )
20 _____)

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Plaintiff Rachel Lobato ("Lobato") anticipates that Defendants Everardo and Dolores Gomez ("the Gomezes") will attempt to call and elicit testimony from witnesses, including Lobato, and/or introduce evidence, regarding Lobato's litigation history. Lobato asks that the Court preclude any reference to Lobato's litigation history on the grounds that it is irrelevant, and the probative value of such evidence is substantially outweighed by the potential prejudice under Rule 403 of the Federal Rules of Evidence.

## II. ARGUMENT

Lobato seeks only the recovery of statutory damages in this action and no compensatory relief whatsoever. When compensatory relief is sought, the inference that personal gain, rather than the merits of the action, motivated the action is arguably supported. However, where, as here, no compensatory relief is sought, there is no reason to focus on any facts other than those presented in this action. The Gomezes can introduce no evidence that any of Lobato's past cases were fraudulent or without merit, rendering their existence irrelevant.

It is well settled that "[a]s a general matter, unless . . . prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias." *Henderson v. Peterson*, No. C 07-2838 SBA (PR), 2011 U.S. Dist. LEXIS 76799 (N.D. Cal. July 15, 2011). This district has thus held that Rule 403 precludes the introduction of an ADA plaintiff's prior litigation or settlement history. *Feezor v. Golden Bear Rest. Grp., Inc.,* No. 2:09-cv-03324-GEB-CMK, 2012 U.S. Dist. LEXIS 97074, at *4 (E.D. Cal. July 11, 2012). There is no basis to presume that any of Lobato's prior lawsuits lacked merit, and therefore, they have no relevance to the current action.

Lobato has a right to prosecute every Americans with Disabilities Act ("ADA") violation she encounters, and prior efforts say nothing about the merits of this case. There exists "a troubling trend in which disability access defendants attack the motives of plaintiffs and their counsel in nearly every case brought to enforce the right to equal access guaranteed by the ADA and California statutes." *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 958 (C.D. Cal. 2009). And attacking the credibility of a plaintiff based on past litigation history has been

1  expressly disfavored by the Ninth Circuit.  "[W]e cannot agree that [Plaintiff's] past ADA
2  litigation was properly used to impugn her credibility." *D'Lil v. Best W. Encina Lodge & Suites*,
3  538 F.3d 1031, 1040 (9th Cir. Cal. 2008).
4  　　　The fact that Lobato has brought these ADA actions is a sad reminder that many
5  businesses have sought to avoid compliance with the ADA which was enacted over 20 years
6  ago; it is not surprising she has brought these actions.  In bringing up past actions, the Gomezes
7  are implicitly arguing that Lobato should only seek out businesses that are in compliance with
8  the ADA, simply cease frequenting any public accommodation, or perhaps just silently endure
9  the barriers she encounters. By vilifying Lobato, the Gomezes are attempting to draw attention
10 away from the facts and merits of this case.
11 　　　Allowing the Gomezes to in any way refer to Plaintiff's litigation history would be
12 extremely prejudicial to Plaintiff before the jury and is simply not relevant to the issues at bar.
13 Further, to allow such testimony to be elicited would create a chilling effect on Lobato's
14 exercise of her civil rights:  If plaintiffs in ADA actions are faced with the possibility of
15 character assassination or invasion of their privacy as a result defending their civil rights, they
16 could very well choose to cease seeking their enforcement.  *See, e.g., Rivera v. Nibco, Inc.* 364
17 F.3d 1057, 1064 (9th Cir. 2004) (upholding a protective order granted for plaintiffs to prevent a
18 chilling effect on the exercise of their civil rights were they to reveal their immigration status).
19 Such an outcome would be counter to the stated purpose of the ADA which is to eliminate
20 discrimination against persons with disabilities.  42 U.S.C. § 12101(b)(1).  It is only through
21 the actions of individuals such as Lobato that such an outcome can be achieved.  "[F]or the
22 ADA to yield its promise of equal access for the disabled, it may indeed be necessary and
23 desirable for committed individuals to bring serial litigation advancing the time when public
24 accommodations are compliant with the ADA." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d
25 1047, 1062 (9th Cir. 2007).  Further, requiring Plaintiff to divulge information regarding past
26 settlements is an invasion of Article I, Section 1 of the California Constitution.
27 ///
28 ///

**III.   CONCLUSION**

Lobato's litigation and settlement history have absolutely no relationship to the issues in this matter, and because she seeks only statutory, not compensatory, damages, no inference can be drawn that she brought this action, or past actions, for pecuniary gain.  Eliciting testimony on this issue has no probative value and would be prejudicial to Lobato. Lobato therefore respectfully requests the Court issue an order prohibiting Defendant from eliciting testimony or introducing any evidence regarding Plaintiff's litigation or settlement history.

Dated: January 25, 2017                                            MISSION LAW FIRM, A.P.C.

                                                                                  */s/ Zachary M. Best*
                                                                                  Zachary M. Best
                                                                                  Attorneys for Plaintiff,
                                                                                  Rachel Lobato