Case 1:15-cv-00686-EPG   Document 61-2   Filed 01/25/17   Page 1 of 2

```
Tanya E. Moore, SBN 206683
Zachary M. Best, SBN 166035
MISSION LAW FIRM, A.P.C.
332 North Second Street
San Jose, California  95112
Telephone: (408) 298-2000
Facsimile: (408) 298-6046
Email: service@mission.legal

Attorneys for Plaintiff,
Rachel Lobato
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL LOBATO,<br><br>  Plaintiff,<br><br>  vs.<br><br>EVERARDO O. GOMEZ, individually and dba EL SARAPE RESTAURANT, et al.,<br><br>  Defendants. | No.  1:15-cv-00686-EPG<br><br>**PLAINTIFF RACHEL LOBATO'S MOTION IN LIMINE NO. 3 TO EXCLUDE DISCUSSION OF PLAINTIFF'S ATTORNEYS' FEES**<br><br>Trial Date: March 7, 2017<br>Hearing Date: February 22, 2017<br>Time: 10:00 a.m.<br>Courtroom: 10<br>Honorable Erica P. Gosjean |

## I.    INTRODUCTION

Plaintiff Rachel Lobato ("Lobato") anticipates that Defendants Everardo and Dolores Gomez ("the Gomezes") will attempt to address in their opening statement, and/or call and elicit testimony from witnesses, including Lobato, and/or introduce evidence, regarding Lobato's entitlement to recover her attorneys' fees should she prevail in this matter. Lobato asks that the Court preclude any such reference or evidence on the grounds that it is irrelevant and prejudicial, and the matter is for the Court, not the jury, to determine.

PLAINTIFF RACHEL LOBATO'S MOTION IN LIMINE NO. 3 TO EXCLUDE DISCUSSION OF PLAINTIFF'S ATTORNEYS' FEES

Page 1

## II. ARGUMENT

Lobato requests an Order preventing testimony or evidence regarding potential court-awarded attorneys' fees. Such evidence is irrelevant to any claim or contention in the present case, and should be precluded under Rule 403 of the Federal Rules of Evidence. The subject of attorneys' fees is improper for attorney comment under Ninth Circuit law. *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). In the context of a § 1983 civil rights action, "[t]he award of attorneys' fees is a matter of law for the judge, not the jury." *Id.* The Ninth Circuit has made clear that:

> The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. By informing the jury of the plaintiff's right to seek attorneys' fees . . . , the court invite[s] the jury to factor in a subsequent step-the court's calculation of the ultimate judgment-that ha[s] no relevance to the jury's determination of liability and damages. Furthermore, . . . informing the jury of the possibility of fees could result in prejudice to the plaintiff[.]

*Id.*; *see also Redwood Christian Schools v. Cnty. of Alameda*, No. C-01-4282 SC, 2007 U.S. Dist. LEXIS 8287 (N.D. Cal. Jan. 26, 2007) (granting motion in limine to exclude evidence of availability of attorneys fees, stating "[such] evidence is irrelevant and . . . unfairly prejudicial").

## III. CONCLUSION

For the reasons set forth above, Lobato respectfully requests that the Gomezes and their counsel be precluded from introducing any comment or evidence regarding Lobato's right to recover her attorneys' fees should she prevail in this action.

Dated: January 25, 2017                              MISSION LAW FIRM, A.P.C.

*/s/ Zachary M. Best*
Zachary M. Best
Attorneys for Plaintiff,
Rachel Lobato