# UNITED STATES DISTRICT THE COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL LOBATO,<br>            Plaintiff,<br><br>   v.<br><br>EVERARDO O. GOMEZ, individually and dba EL SARAPE RESTAURANT; DOLORES B. GOMEZ, individually and dba EL SARAPE RESTAURANT,<br>            Defendants. | Case No. 1:15-cv-00686-EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE**<br><br>(ECF No. 62) |

This is an action under Title III of the Americans with Disabilities Act alleging that Plaintiff Rachel Lobato was denied full access and enjoyment of Defendants' restaurant—El Sarape Restaurant—because of various structural barriers in the restaurant that Defendants have failed to remedy.[1]

**A. Background**

This case is set for trial on March 7, 2016.  On January 25, 2017, Defendants filed a motion in limine requesting to exclude the following evidence from trial: 1) Plaintiff's medical records and

---

[1] Both parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). (ECF Nos. 7, 11.)

2) the testimony of Dr. Samuel Leon. (ECF No. 62).  Plaintiff filed a response opposing the motion. (ECF No. 68.)

The Court held a motion hearing on the parties' motions in limine on February 22, 2017. (ECF No. 75.)  Attorney Zachary Best appeared for Plaintiff and attorney Kathleen Marie Phillips-Vieira appeared for Defendants. (*Id*.)  Defendants' motion in limine (ECF No. 62) was taken under advisement.  (ECF No. 80.)  Additionally, Plaintiff was directed to submit two copies of the medical records to the Court for *in camera* review as follows: 1) as produced to Defendants (redacted); and 2) unredacted. (*Id*.)  Following the February 22 hearing, the Court received two sets of the medical records from Plaintiff as directed, which the Court has reviewed *in camera*.[2]

### B.  Defendants' Motion to Exclude Medical Evidence from Trial

Defendants' motion in limine requests the Court to enter an order excluding Plaintiff's doctor as a witness and Plaintiff's medical records. (ECF No. 62.)  Defendants assert that the medical evidence must be excluded due to Plaintiff's late disclosure, and any probative value is substantially outweighed by the unfair prejudice to them.

Defendants first received notice of Dr. Leon as witness on January 24, 2017, and Defendants did not receive a production of medical records concerning Plaintiff's health condition until January 26, 2017.  Plaintiff supplemented her Rule 26 disclosures to include medical records, but has not supplemented its disclosure to name Dr. Leon.

According to the Defendants, the issue of whether or not Plaintiff is disabled is an element of her ADA claim, and therefore, she had an obligation under Rule 26(a) of the Federal Rules of Civil Procedure to disclose any witness or documents she planned to use to support her claims or defenses unless the use would be solely for impeachment. Defendants request sanctions for Plaintiff's failure

---

[2] At the February 22, 2017, Defense counsel raised the issue of improper redactions.  Counsel for Plaintiff then, at the Court's request, promptly provided the records for *in camera* review.  At the hearing, counsel for Plaintiff indicated that the redactions were strictly limited to Plaintiff's "identifying information."  Upon *in camera* review, the Court found additional redactions that did not fall into the category of "identifying information."  On LABTO000002, for example, counsel for Plaintiff redacted several medical diagnoses.  While the diagnoses may not be necessarily relevant to Plaintiff's ability to walk, the Court does not appreciate Plaintiff's counsel apparent lack of candor in stating that the redactions were strictly limited to "identifying information."  Within one day of this order, Plaintiff shall provide Defendants with medical records removing these improper redactions and only redacting identifying information, as represented to the Court.

to disclose under Rule 37 (c) in the form of preclusion of admission into evidence because Plaintiff has not offered any justification for her failure to disclose the evidence.

Additionally, Defendants object to the date range of the medical records. The evidence includes medical records from as late as December 2016. Defendants argue this evidence has no bearing on whether or not she was disabled at the time of her visit to the El Sarape Restaurant on January 11, 2015.

**C. Discussion**

The Court understands Defendants' argument to be a request for a discovery sanction rather than requesting exclusion pursuant to an evidentiary rule. Under Rule 26(a) of the Federal Rules of Civil Procedure, the parties are required, without awaiting a discovery request, to disclose to the parties 1) each individual likely to have discoverable information (along with the subjects of that information), and 2) all documents that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). The parties are under a further continuing obligation to supplement or correct its Rule 26(a) disclosure in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c), a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)," may not "use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....' Fed.R.Civ.P. 37 advisory committee's note (1993)." *Yeti*, 259 F.3d at 1106.

3

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003)). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Id*. (citing *Yeti*, 259 F.3d at 1107.

### 1. Medical Records

Plaintiff argues that the disclosure of medical records was necessary to rebut the testimony of Allen Stacey, which did not appear in the record until September 2016.[3] At the September 23, 2016, motion hearing on Plaintiff's motion for summary judgment, Plaintiff's disability and the testimony of Allen Stacey were addressed in depth.  The substance of that exchange occurred as follows:

> THE COURT: …[H]as the plaintiff ever received a medical opinion about her disability?
>
> MS. MOORE: Obviously, she did from her doctors, and she had multiple surgeries with regard to her knees. She had two knee replacements. And… defendants are apparently not disputing any of… those issues.  They haven't conducted any discovery as to that so…
>
> THE COURT: Okay, let me just confirm that there is nothing from any doctors either in notes or prescriptions or a declaration that's in your motion for summary judgment?
>
> MS. MOORE: I don't believe there is.

---

[3] Plaintiff uses a substantial portion of her opposition to Defendants' motion in limine as a platform to, once again, complain about the unfairness of the inclusion of Allen Stacey's testimony in this case.  This issue, however, has been previously litigated and resolved.  Plaintiff's objections to Allen Stacey's testimony were thoroughly discussed and overruled in the Court's November 1, 2016 order denying Plaintiff's motion for summary judgment. (ECF No. 51 at 10-11.)  Plaintiff's objection that Allen Stacey was not disclosed as a witness was ultimately overruled because "[a]t the hearing on the Motion, the Court invited Plaintiff to delay argument on the Motion and re-open discovery to allow her to depose Stacey or otherwise produce evidence to controvert his statements. Plaintiff declined that opportunity." (ECF No. 51 at 10.)  Thus, the Court offered to cure any prejudice resulting to Plaintiff from the late disclosure of Allen Stacey, but Plaintiff made the strategic decision that further discovery was not needed to proceed past the summary judgment phase of the case.  Plaintiff has since taken the deposition of Mr. Stacey.

> THE COURT: And when you say, "obviously, they have," is there any doctor, even if the evidence is through the plaintiff, that someone has said, right now, either she's disabled, she's substantially limited in a major life activity. Anything along those lines?
>
> MS. MOORE: There is no requirement for a medical opinion to be provided regarding substantial limitation. I believe it's a legal standard… the ADA requires to be met. The evidence was provided … with regards to her substantial limitations by the plaintiff. And she testified at her deposition in terms of which doctors she is seeing and who prescribed her what.
>
> THE COURT: Okay. One of the major points in opposition was that there was a declaration from Allen Stacey that discusses as part of an investigation viewing the plaintiff taking actions that would be inconsistent with such a disability. A question for you, Ms. Moore, because you talk about that you have not had time to investigate this. Are you making a request that I delay ruling on this so that you can take discovery of this declaration and of Allen Stacey? Would you like to do that?
>
> MS. MOORE: No. I am not requesting that, your honor, because I believe that even if the testimony of Allen Stacey was admissible, it still does not contradict plaintiff's testimony. Plaintiff's testimony was clear on the issue of when she does shop, she uses shopping carts to steady herself. And this exactly what Mr. Stacey has observed in his surveillance of Ms. Lobato. Ms. Lobato obviously did not know she was under surveillance and that she was followed. However, everything that she did, as described in Mr. Stacey's declaration… of course we don't know it was Ms. Lobato because there was no identification provided. So there is a total lack of foundation whether or not Mr. Stacey was following Ms. Lobato as opposed to someone else. But even it was true that it was Ms. Lobato and everything that Mr. Stacey said in his declaration was what Ms. Lobato did, all that he was observed was that Ms. Lobato walked in the Target shopping center with the assistance of a shopping cart. He only observed her away from the shopping cart for a very brief moment when she left it to go into the restroom. And I believe in his declaration, he says it was for 3-4 feet, which is entirely consistent with Ms. Lobato's testimony at her deposition and in her declaration, in which she testifies that she can walk 2-3 feet unassisted…. Obviously, with pain and everything else but there is no contradiction or any issue here that was raised by this declaration even if it is admissible.

The foregoing exchange reveals that Plaintiff made a strategic decision not to introduce evidence supporting her disability in connection with summary judgment, even after receiving the information from Mr. Stacey and learning that Defendants intended to dispute Plaintiff's disability.

The Court is further troubled by the way that the medical records were ultimately revealed. Plaintiff did not list Plaintiff's medical records on its exhibit list in connection with its Pretrial Statement. (ECF No. 53, p. 13). The Court held a pretrial conference on January 9, 2017. At that

time, Plaintiff's counsel mentioned that it may seek to add documents regarding a fall that Ms. Lobato had experienced in December 2016.  At the pretrial conference, Plaintiff's counsel did not raise the possibility of producing and using at trial *all* of Plaintiff's medical records.  Without ruling on the issue, the Court directed the parties to meet and confer regarding the December 2016 fall records in connection with potentially scheduling the deposition of Mr. Stacey.

According the email communications submitted in connection with the instant motion, it appears that Plaintiff's counsel wrote to Defense counsel following the conference in an attempt to amend the joint pretrial statement to add medical records.  (ECF No. 62, at p. 9)  In that correspondence, Defense counsel objected writing "Please point out to me where the records were disclosed in discovery or even in initial disclosures."  (ECF No. 62, at p. 10)  Plaintiff's counsel responded "If you recall, the records have to do with a fall that happened just before Xmas, long after discovery had closed.  It was impossible to have disclosed them prior to that time.  If you also recall, the Judge asked us to immediately file an amended pretrial statement to add those docs."  (ECF No. 62, at p. 9).  In other words, Plaintiff's counsel represented again he was only seeking to add documents regarding Plaintiff's December 2016 fall to the pretrial statement.

Sixteen days later, Plaintiff's counsel sent to defense counsel an amended Rule 26 disclosure describing and attaching "Plaintiff's medical records," which are 64 pages long.  They range in dates from 2012 through end of 2016.  They cover various procedures and medication and are not limited to Plaintiff's December 2016 fall.

The Court finds that Plaintiffs' delay in providing the medical records until January 26, 2017 was not substantially justified.  The Court next turns to whether the late disclosure was harmless.

At oral argument, defense counsel argued that the disclosure of medical records at this late date is prejudicial because the defense could have sought additional discovery and depositions to understand and counter the evidence.  At certain times in the argument, both parties claim they would have designated expert witnesses under a different version of events, though neither side ever did so.  The Court finds that late disclosure was not harmless in that Defendants could have requested additional discovery, including depositions, to understand the contents of the records,

which are largely written in medical terminology.  It is also unclear to the Court whether the production constitutes all of Plaintiff's medical records from any source or was otherwise limited to isolate helpful portions to the Plaintiff.

That said, Defense counsel did question the Plaintiff on certain aspects of these medical records, specifically obtaining a prescription for a walker and wheelchair.  (ECF No. 62-2, at p. 3 *et seq*.)  Plaintiff testified that she "went to the doctor and I told him my problem and he prescribed me a walker and a wheelchair" that the doctor was "Dr. Leon," and it was within five years.  Based on this deposition testimony, the Court finds that it would be harmless to permit late disclosure of the medical records involving obtaining a prescription for the wheelchair.  The closest record the Court can locate is at LOBATO000020-21, which reflects Plaintiff requesting a wheelchair prescription, after already using a walker.  While it is true that the record includes certain other information that would have likely been explored at deposition, the Court finds that late disclosure of those two pages is sufficiently harmless to permit the late disclosure of those two pages only.

The Court will also permit Plaintiff to introduce medical records dated December 2016 regarding Plaintiff's fall because they were disclosed shortly after the event at issue and were discussed at the pretrial conference.  Based on the Court's review, this appears to consist of LOBATO000004-6.

    *2.   Dr. Leon*

The parties do not dispute that disclosure of Dr. Leon as a witness did not occur until January 2017.  Thus, like the medical records, Dr. Leon is subject to automatic exclusion as a witness for Plaintiff's failure to disclose him under Rule 26(a), "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also Yeti*, 259 F.3d at 1106.  Moreover, Plaintiff has explained its intention to have Dr. Leon testify as to Dr. Leon's opinion regarding the extent of Plaintiff's disability.  Dr. Leon has not been deposed.

Under Rule 26(a)(2)(A), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  Plaintiff has not supplemented its Rule 26 disclosure to add Dr. Leon, even as of today.

Rule 26(a)(C) applies to witnesses who are not required to give an expert report as described in Rule 26(a)(2)(B)(i)-(vi), but will still give an expert opinion. Dr. Leon's testimony regarding his medical opinions would fall under this rule. Accordingly, he was required to disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

He has not done so.

The Court finds that Dr. Leon's late disclosure was not substantially jusitifed and is not harmless. Here, Plaintiff surely would have taken Dr. Leon's deposition and also may have offered competing expert testimony. To allow him to testify without any disclosure or deposition would substantially impair Defendants' ability to question him and counter any opinions.

The Court does not find persuasive Plaintiff's argument that Defendants' were aware of Dr. Leon at least since he was first mentioned Plaintiff's deposition on May 5, 2016, a day before the discovery deadline. Knowing that Plaintiff has a doctor is not the same as knowing that Plaintiff will offer the doctor's testimony at trial. It was reasonable for Defendants to assume that Plaintiff would do exactly what Plaintiff's counsel described at summary judgment: rely on the testimony of the Plaintiff. As Plaintiff's counsel explained to the Court, "there is no requirement for a medical opinion to be provided regarding substantial limitation."

**Conclusion**

For the forgoing reasons, Defendants' motion in limine (ECF No. 62) is granted, in part, and denied, in part.

The motion is granted as to the exclusion of the medical records, except as to LOBATO000020-21 and LOBATO000004-6 and any other medical records, if any, already disclosed and dated in the month December 2016.

\\\
\\\

The motion is granted as to the exclusion of Dr. Leon as a witness.

IT IS SO ORDERED.

Dated:   **February 27, 2017**              /s/ *Erica P. Grosjean*
                                                                  UNITED STATES MAGISTRATE JUDGE