UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL LOBATO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EVERARDO O. GOMEZ, individually and dba EL SARAPE RESTAURANT; DOLORES B. GOMEZ, individually and dba EL SARAPE RESTAURANT,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-00686-EPG<br><br>**ORDER RESPONDING TO PLAINTIFF'S REQUEST FOR CLARIFICATION RE COURT ORDER ON DEFENDANTS' MOTION IN LIMINE**<br><br>(ECF No. 91) |

On February 28, 2017, the Court issued an order concerning redactions of medical records following an in camera review. (ECF No. 87) In that order, the Court noted that redactions included medical diagnoses, notwithstanding Plaintiff counsel's representation that redactions only concerned "identifying information," and that Plaintiff should provide records unredacting any such medical diagnoses. (ECF No. 87 at 2, n. 2.)

On March 1, 2017, Plaintiff filed a request for clarification concerning this order. (ECF No. 91.) Plaintiff seeks clarification on two issues: 1) whether Plaintiff is required to provide all records to opposing counsel in light of the Court's subsequent decision that only a portion of the records are admissible at trial; and 2) whether the Court intended to have medical information that is not related to her disability produced to the Defendants. (*Id*. at 2.)

1

The February 28, 2017 order was sufficiently clear as to both inquires, and the answer is yes to both.  Admissibility at trial is a separate issue from proper disclosure in discovery.  The redacted medical diagnoses are not unduly confidential in light of the disclosures already made about Plaintiff's medical issues.  Moreover, the Court's order merely requires Plaintiff's counsel to adhere to its own representation that redactions only consist of identifying information.

Counsel for Plaintiff also suggests that the Court misinterpreted his statements in open court in the February 22 hearing and claims that he equivocated on the basis for the redactions.  The exchange concerning redactions occurred as follows:

> THE COURT: Mr. Best, what's the issue with the redactions? Why were there redacted files? ---
>
> MR. BEST: --- Oh, it's purely identifying characters, Social Security Numbers, what appear to be patient ID numbers. You'll see this afternoon very little is actually redacted. It's just identifying information. I don't think the -- I'm the one who redacted it.

The Court does not believe it misunderstood Plaintiff's counsel.

The Court appreciates Plaintiff's counsel's apology for the inaccuracy and has no basis to believe Plaintiff's counsel acted with ill intent.  That said, the Court believes it is appropriate to take counsel at their word in representations to the Court.

This order resolves Plaintiff's request for clarification re Court order on Defendants' Motion in Limine.  (ECF No. 91)

IT IS SO ORDERED.

Dated:   **March 7, 2017**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE