UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL LOBATO,<br><br>        Plaintiff,<br><br>   v.<br><br>EVERARDO O. GOMEZ, individually and dba EL SARAPE RESTAURANT; DOLORES B. GOMEZ, individually and dba EL SARAPE RESTAURANT,<br><br>        Defendants. | Case No. 1:15-cv-00686-EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE**<br><br>(ECF No. 61-1) |

      This is an action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, alleging that Plaintiff Rachel Lobato was denied full access and enjoyment of Defendants' restaurant—El Sarape Restaurant—because of various structural barriers in the restaurant that Defendants have failed to remedy.[1]

**A.  Background**

      This case is set for trial on June 27, 2017.  On January 25, 2017, Plaintiff filed a motion in limine consisting of four requests to exclude the following evidence.  The Court ruled on three of those requests, as set forth in its order dated February 24, 2017.  (ECF No. 80).  It took under

---

[1] Both parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). (ECF Nos. 7, 11.)

1

advisement Plaintiff's Motion in Limine to exclude evidence of Plaintiff's prior litigation history (ECF NO. 61-1), and now issues its order on that motion.[2]

**B.  Plaintiff's Motion to Exclude Evidence Concerning Her Prior Litigation History**

Lobato requests that her prior litigation history be excluded from trial on the grounds that it is irrelevant, and the probative value of such evidence is substantially outweighed by the potential prejudice under Rule 403 of the Federal Rules of Evidence.  While Lobato acknowledges that inquiry into whether she is merely filing lawsuits for pure personal gain could be relevant, it is not relevant here because she is seeking only statutory damages in this case.  Therefore, she argues that "there is no reason to focus on any facts other than those presented in this action." (ECF No. 61-1 at 2).  In support of her motion, Lobato further states that the fact that she has brought multiple ADA actions is "a sad reminder that many businesses have sought to avoid compliance with the ADA which was enacted over 20 years ago…" (*Id*. at 3.)

In their opposition, Defendants argue that Lobato's prior litigation history is relevant to the issue of standing to bring her ADA claim. (ECF No. 76 at 2.)  Defendants have claimed in this case, including in opposition to Plaintiff's motion for summary judgment, that Plaintiff did not in fact patronize Defendants' restaurant or personally encounter barriers there.  In support, Defendants point to more than 30 lawsuits filed by Plaintiff and contend that Plaintiff failed to recognize the names of those lawsuits, calling into question Plaintiff's credibility in asserting that she truly encountered barriers at those establishments.  Defendants claim they are not seeking to admit the evidence to demonstrate Plaintiff's litigious nature.

In her reply, Plaintiff argues that Plaintiff failed to recognize the names of other establishments at her deposition because they were listed by the owners or landlords and not the businesses themselves. (ECF No. 81)  Plaintiff contends she did in fact remember certain businesses subject to her lawsuits, and that she would recall more of them if provided photos and other

---

[2] Defendants filed a response in opposition to Plaintiff's motion in limine No. 2 to exclude evidence concerning litigation history from trial. (ECF No. 79.)  Plaintiff filed a reply in support of her motion. (ECF No. 81.)

information to refresh her recollection.  Plaintiff also notes that she was not asked if she returned to any of the businesses she sued.

### C. Legal Standards

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under Federal Rule of Evidence 404, evidence of a person's character trait or other acts to show that on a particular occasion the person acted in accordance with the character or trait is not admissible. Fed. R. Evid. 404(a)(1), (b)(1). Under Rule 404(b), however, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The character trait of litigiousness and acts of filing other lawsuits fall within Rule 404." *Barker v. Yassine*, 2016 WL 4264149, at *2 (E.D. Cal. Aug. 15, 2016) (citing *Outley v. City of N.Y.*, 837 F.2d 587, 592-93 (2d Cir. 1988) ("Litigiousness is the sort of character trait with which Rule 404(b) is concerned.")) "To admit evidence of prior acts, it must: (1) tend to prove a material point in issue; (2) not be too remote in time; (3) be proven with evidence sufficient to show the act was committed and; (4) if admitted to prove intent, must be similar to the offense charged." *Yates v. Sweet Potato Enterprises, Inc.*, 2013 WL 4067783, at *3 (N.D. Cal. Aug. 1, 2013) (citing *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)). "In analyzing whether to the admit Rule 404(b) evidence, the Court is mindful that the rule is 'a rule of inclusion–not exclusion.'" *Id*. (quoting *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008)).  "If evidence satisfies Rule 404(b), 'the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403.'" *Id*. (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)); *Barker*, 2016 WL 4264149, at *2 (granting plaintiff's motion to exclude the evidence for the purpose of showing plaintiff's bias and motive to sue and finding that any permissible purpose is substantially outweighed by the danger of unfair prejudice). *See also Outley*, 837 F.2d at 592-93

(Evidence of previous lawsuits filed by arrestee against city and city police department was not admissible, in civil rights action arising out of officers' alleged unlawful arrest, either for purpose of impeachment or to show that arrestee was biased against officers when city failed to establish that prior lawsuits were fraudulently filed).

In *D'Lil v. Best W. Encina Lodge & Suites*, the U.S. Court of Appeals for the Ninth Circuit reviewed a trial court decision dismissing an ADA action for lack of subject matter jurisdiction after an ADA case involving a hotel patron and hotel settled by consent decree. *See* 538 F.3d at 1034–35. In considering a subsequent motion for attorney fees, the trial court found that the plaintiff lacked standing under the ADA and professed skepticism that the plaintiff could establish standing because the plaintiff would be unlikely to provide evidence of an "intent to return" to the hotel. *See id*. at 1035. The trial court expressed concerns about the credibility of the plaintiff's professed desire to return in light of her involvement in multiple prior ADA suits. *See id*. Accordingly, the trial court found that the plaintiff lacked Article III standing because she could not establish that she would suffer harm in the future and denied the motion for attorney fees. *See id*

On appeal, the Ninth Circuit in *D'Lil* reversed the trial court and found that the plaintiff had Article III standing. *Id*. at 1033. With respect to ADA cases where the public accommodation is far from the plaintiff's home, such as here, the Ninth Circuit summarized its prior ADA decisions finding actual or imminent injury sufficient to establish standing. *See id*. 1037. Those cases found standing "where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *Id*. (collecting cases.) The Ninth Circuit added that it has "explicitly not required ADA plaintiffs to engage in the 'futile gesture' of visiting or returning to an inaccessible place of public accommodation in order to satisfy the standing requirement." *Id*. (citing *Pickern v. Holiday Quality Foods, Inc*., 293 F.3d 1133, 1135 (9th Cir. 2002)).

After finding the plaintiff's statements concerning intent to return sufficient to establish standing, the Ninth Circuit in *D'Lil* rejected the trial court's credibility finding based on her past ADA litigation history (approximately 60 prior ADA suits). *See id*. at 1040. The Ninth Circuit

4

stressed that the "attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny" and that this was especially true in the ADA context where:

> [the ADA's] provision for injunctive relief only "removes the incentive for most disabled persons who are injured by inaccessible places of public accommodation to bring suit.... As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.... For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (citing Samuel R. Bagnestos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 U.C.L.A. L.Rev. 1, 5 (2006)). Accordingly, we must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation.

*Id*. Finding error in the manner by which the trial court speculated about the plausibility and sincerity of the plaintiff's stated intent to return to each of the places she sued, the Ninth Circuit rejected the trial court's adverse credibility determination. *See id*.

### D. Analysis

With this law in mind, the Court looks to the potential reasons for admitting some or all of Plaintiff's litigations and weighs the probative value against the unfairly prejudicial value of such evidence.

It is conceded that Defendants cannot admit Plaintiff's prior litigation to prove that Plaintiff is litigious. Thus, there is no basis for admitting all 31 lawsuits. The Court also needs to be wary that proving Plaintiff's litigiousness could be the true motivation for admitting any lawsuits, which finds some support from Defense counsel's questioning at deposition. (ECF No. 81, quoting defense counsel as asking Plaintiff "[I]s it possible that you're suing so many businesses that you lost track?").

Furthermore, Defendants cannot admit the lawsuits as evidence that Plaintiff fails to return to establishments as a general matter because Plaintiff was not asked at deposition whether she returned

to those establishments, and there is no evidence before the Court indicating whether or not Plaintiff returned or failed to return to any of the other establishments she sued.

A more difficult question is whether Defendants can use the fact that Plaintiff did not remember the establishments she sued in order to buttress their case that Plaintiff never visited Defendants' business in this case.  Defendants cite to deposition testimony that Plaintiff could not recall various names of people and institutions she sued.  In opposition, Plaintiff contends that she failed to remember certain defendants she sued because they were filed against the owners of the businesses, rather than the common name of the businesses.  This appears true as to some of the lawsuits.  (ECF No. 81-2 at p. 16-17, quoting deposition questioning regarding "Lobato versus Juan et al . . . Lobato versus Ali . . . Lobato versus Dondetto" and similar names).  The Court agrees that the fact that Plaintiff failed to remember the owner of an establishment does not indicate that she failed to visit that establishment.

However, Plaintiff also failed to remember some actual business entity names that she sued.  This failure to recall businesses that she sued has some probative value in that it could show a pattern and practice of filing lawsuits against establishments without visiting them.  That said, admission of these lawsuits also has prejudicial value because they establish that Plaintiff has filed multiple other lawsuits, which may cause the jury to unfairly discount Plaintiff's case based on a bias against litigious plaintiffs.  On the whole, the Court finds that the probative value of other lawsuits where the Plaintiff fails to recall the establishment's name, without a further connection to this litigation, is outweighed by the risk of prejudice to be admissible.

However, there is a more narrow category of lawsuits that are much more directly tied to the question of whether Plaintiff visited Defendants' establishment, and encountered barriers, on the date in question—that is lawsuits asserting that Plaintiff visited other establishments *on the same date in question*.  Defense counsel touched on this issue at Plaintiff's deposition (ECF No. 81-2 at p. 8-9), in questioning Plaintiff about where she was that day and confronting her with her memory of other Pixley establishments, at least some of which appear to be the subject of lawsuits.  In this case, Plaintiff alleges she has standing because she visited Defendants' restaurant off the highway while

travelling to and from friends and family, and intends to do so in the future.  (ECF No. 39 at 14-17, 45, 64-66, 71-74, ECF No. 33-4 at 6-7 ¶¶ 14-20 ).  Defendants contend that Plaintiff did not in fact visit Defendants' restaurant, and have suggested that someone else collected a receipt from the restaurant merely in order to falsely assert standing for a lawsuit.

To the extent Plaintiff filed other lawsuits against establishments similarly alleging that she visited them on the same date as her alleged visit to Defendants' restaurant in this case, especially if the locations of those establishments were not consistent with a trip to or from friends or if Plaintiff did not recall visiting those other establishments, such evidence would support Defendants' claim that Plaintiff was not telling the truth about her visit to Defendants' establishment that day.  Such evidence potentially has high probative value.[3]

The Court must balance such probative value against the risk of undue prejudice.  Introduction of evidence of any lawsuits could be prejudicial to the extent that the jury seeks to punish Plaintiff merely for filing multiple lawsuits.  However, the prejudice of such a small number of lawsuits[4] is far less than introduction of evidence of Plaintiff's 31 other lawsuits.  Moreover, the Court is willing to issue a jury instruction at the time of introduction of the evidence and in the closing jury instructions to minimize any such prejudice.  And, to be clear, defense counsel is strictly prohibited from making any argument suggesting that such other lawsuits prove Plaintiff's litigious nature—argument will be strictly limited to the question of whether Plaintiff truly visited Defendants' establishment, and encountered barriers, on the date in question.

In admitting this narrow band of evidence for this limited purpose, the Court is very cognizant of the Ninth Circuit's guidance that "we must be particularly cautious about affirming credibility determinations that rely on a plaintiff's past ADA litigation."  *D'Lil v. Best W. Encina*

---

[3] Of course, Plaintiff can argue at trial that such lawsuits are consistent with Plaintiff's version of events.
[4] It appears from the Court's quick review of such lawsuits, that at least four lawsuits would be in this category.  *See Lobato v. La Mision Market and Taqueria*, No. 1:15-cv-00470-TLN-GSA (E.D.Cal. Mar. 25, 2015) (verified complaint alleging that Lobato encountered ADA barriers in Corcoran, California on January 11, 2015); *Lobato v. Prince Food Mart,* No. 1:15-cv-00337-SKO (E.D.Cal Mar. 3, 2015) (verified complaint alleging that Lobato encountered ADA barriers in Pixley, California on January 11, 2015); *Lobato v. Frosty King aka Burger Planet*, No. 1:15-cv-00247-MJS (E.D.Cal. Feb. 18, 2015 (verified complaint alleging that Lobato encountered ADA barriers in Pixley, California on January 11, 2015).

*Lodge & Suites*, 538 F.3d at 1034–35.  After careful consideration, the Court believes the probative value of such evidence outweighs the unfair prejudice, and that exclusion of lawsuits asserting the same date of visit could unfairly impede Defendants' case by excluding truly relevant evidence.  As the motion for summary judgment in this case demonstrated, Defendants strenuously contest that Plaintiff visited the establishment on the date in question and have put forth non-speculative evidence in support of their contention.  The Court thus believes that permitting introduction of this small category of lawsuits strikes the appropriate balance between probative value and undue prejudice.

### E. Conclusion

For the forgoing reasons, Plaintiff's motion in limine No. 2 (ECF No. 61-1) is granted, in part, and denied, in part.

The motion is granted to the extent that the Defendants may attempt to use evidence of prior litigation history solely to show that Lobato has a character trait of litigiousness.

The motion is denied to the extent that the Defendants are permitted to admit evidence that Plaintiff filed lawsuits against other establishments that allege Plaintiff visited those establishments on the same date(s) that she alleges she visited Defendants' establishment in this case.

Such evidence will be admitted solely on the question of standing, and any argument regarding Plaintiff's litigiousness will be strictly prohibited.

To further limit or extinguish any prejudicial effect concerning the introduction of Lobato's prior litigation history, Lobato may submit a proposed limiting jury instruction(s) no later than June 19, 2017 for the Court's consideration.

IT IS SO ORDERED.

Dated:  **March 8, 2017**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE