**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RACHEL LOBATO,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERARDO O. GOMEZ, individually and dba EL SARAPE RESTAURANT; DOLORES B. GOMEZ, individually and dba EL SARAPE RESTAURANT,<br><br>    Defendants. | Case No. 1:15-cv-00686-EPG<br><br>**ORDER FOR STATEMENT FROM PARTIES REGARDING STANDING** |

This is an action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, alleging that Plaintiff Rachel Lobato was denied full access and enjoyment of Defendants' restaurant—El Sarape Restaurant—because of various structural barriers in the restaurant that Defendants have failed to remedy.[1]

**A. Background**

On November 1, 2016, Plaintiff's motion for summary judgment was denied. (ECF No. 51.) Most importantly for purposes of this order, the Court found a triable issue of material fact exists as

---
[1] Both parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). (ECF Nos. 7, 11.)

1

to Plaintiff's standing. (*Id*. at 5-9.) The Court explained the relevant law concerning the standing issue as follows:

> To demonstrate standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Because only injunctive relief is available under Title III of the ADA, an ADA plaintiff must also show "a 'real and immediate threat of repeated injury.'" *Ervine v. Desert View Regional Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014), *quoting O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). "An ADA plaintiff establishes such a real and immediate threat if 'he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Id.*, *quoting Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Alternatively, a plaintiff who 'has visited a public accommodation on a prior occasion demonstrates a real and immediate threat if he 'is currently deterred from visiting that accommodation by accessibility barriers." *Id.*, *quoting Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).
>
> In *Ervine*, for instance, a plaintiff lacked standing because he had never been a patient at the defendant medical center and had "no imminent plans to return." *Id.* at 868. Although plaintiff contended in his briefing that he was aware of several barriers to access and was thus deterred from using the medical center, there was no support in the record for such an argument. Nor was plaintiff's geographical proximity to the medical center adequate to establish standing. Even assuming the truth of these arguments, the court found that "the prospect that Desert View 'will engage in (or resume)' conduct harmful to Mr. Ervine is simply 'too speculative to support standing.'" *Id.* (plaintiffs "cannot manufacture standing through bald assertion, contradicted by the record"). Thus, Plaintiff can demonstrate standing if she shows that: (1) she has visited the restaurant on a prior occasion and is deterred from visiting the restaurant because of its architectural barriers, or (2) she has more than merely speculative plans to return to the restaurant (and is thus likely to suffer repeated injury).

(*Id*. at 5-6.)

The Court then analyzed the evidence submitted parties concerning standing and found that the issue necessarily turned on the credibility of Plaintiff and Defendant Delores Gomez. (*Id*. at 7.) Because it would be inappropriate to decide which testimony and evidence is more credible at the summary judgment stage, the Court held that there is a triable issue of material fact with respect to standing. (*Id*. at 8.)

\\\

**B. Legal Issue Involved**

This case is now set for jury trial on June 27, 2017. Both parties have submitted jury instructions asking the jury to determine the issue of standing. However, based on the Court's research, it appears that standing is a question for the Court, not the jury. "Standing is a question of law for the district court to decide." *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747–48 (9th Cir. 2012) (citing *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Del. Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008); *Haase v. Sessions*, 835 F.2d 902, 904 (D.C.Cir. 1987) ("[T]he ultimate responsibility to ensure subject matter jurisdiction always lies with the court, not the parties.")). "Because the court (and not a jury) decides standing, the district court must decide issues of fact necessary to make the standing determination." *Id*. (citing *Duke Power Co. v. Carolina Envtl. Study Group, Inc*., 438 U.S. 59, 72, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978) (district court held four days of hearings to decide motion to dismiss for want of standing)). Where standing is raised at the summary judgment stage, resolving the issue is inappropriate where there are disputed factual questions or making credibility determinations. *Id*. (citations omitted.)

**C. Order**

Based on the caselaw above, it appears the Court (and not the jury) must resolve all factual issues related to the issue of standing. The Court wishes to confirm this understanding and set a procedure for determining this issue, while maintaining the currently scheduled jury trial on the remaining issues to the extent possible. Accordingly, the Court will invite briefing by the parties as to the most appropriate way (substantively and procedurally) to resolve the standing issue in light of the jury trial set for June 27, 2017.[2]

The parties shall each submit a brief regarding its position on standing no later than June 26, 2017 at 9:30 a.m.

\\\

\\\

---

[2] For example, should the Court hold an evidentiary hearing before, or after, the jury trial on the remaining issues?

The parties shall be prepared to discuss at the pretrial conference scheduled for June 26, 2017, at 11:00 a.m.

IT IS SO ORDERED.

Dated: **June 23, 2017**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE